

FILED
DISTRICT COURT
DISTRICT OF MARYLAND
2018 OCT 30 PM 4:53
CLERK'S OFFICE
AT BALTIMORE
BY_____ DEPUTY

| | | |
|---|---|---|
| Samika N. Boyd<br>Assistant United States Attorney<br>Samika.Boyd@usdoj.gov | Mailing Address:<br>36 S. Charles Street, 4th Floor<br>Baltimore, MD 21201 | Office Location:<br>36 S. Charles Street, 4th Floor<br>Baltimore, MD 21201 | DIRECT: 410-209-4878<br>MAIN: 410-209-4800<br>FAX: 410-962-3124 |

October 9, 2018

Laura G. Abelson, Esq.
Laura_Abelson@fd.org
Sedira Banan, Esq.
Sedira_Banan@fd.org
Assistant Federal Public Defenders
Office of the Federal Public Defender
District of Maryland
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland 21201

> Re: Plea Agreement in the Case of the *United States v. Dywon Deace Clark*
> Criminal No. GLR-17-0464 (D. Md.)

Dear Ms. Abelson and Ms. Banan:

This letter, together with the Sealed Supplement, confirms the plea agreement (this "Agreement") that has been offered to your client, Dywon Deace Clark (hereinafter "Defendant"), by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have the Defendant execute it in the spaces provided below. If this offer has not been accepted by Monday, October 15, 2018, it will be deemed withdrawn. The terms of the Agreement are as follows:

### Offense of Conviction

1. The Defendant agrees to plead guilty to Count Two of the Indictment, charging the Defendant with the Possession of Firearm and Ammunition by a Prohibited Person, in violation of 18 U.S.C. § 922(g). The Defendant admits that the Defendant is, in fact, guilty of the offense and will so advise the Court.

### Elements of the Offense

2. The elements of each offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

*United States v. Dywon Deace Clark*
Criminal No. GLR-17-0464

a. The Defendant was previously convicted of a crime punishable by imprisonment for a term exceeding one year;

b. That on or about May 16, 2017, in the District of Maryland, the Defendant knowingly possessed the firearms described in Count Two of the Indictment and ammunition after a felony conviction; and

c. The Defendant's possession of the firearms described in Count Two of the Indictment and ammunition was in and affecting interstate commerce.

## Penalties

3. The maximum penalties provided by statute for the offense(s) to which the Defendant is pleading guilty are as follows:

| Count | Statute | Maximum Term of Imprisonment | Supervised Release | Maximum Fine | Special Assessment |
|---|---|---|---|---|---|
| Two | 18 U.S.C. § 922(g) | 10 years | 3 years | $250,000 | $100 |

  a. Prison: If the Court orders a term of imprisonment, the Bureau of Prisons has sole discretion to designate the institution at which it will be served by the Defendant.

  b. Supervised Release: If the Court orders a term of supervised release, and the Defendant violates the conditions of supervised release, the Court may order the Defendant returned to custody to serve a term of imprisonment as permitted by statute, followed by an additional term of supervised release.

  c. Restitution: The Court may order the Defendant to pay restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

  d. Payment: If a fine or restitution is imposed, it shall be payable immediately, unless the Court orders otherwise under 18 U.S.C. § 3572(d). The Defendant may be required to pay interest if the Defendant does not pay the fine when it is due.

  e. Forfeiture: The Court may enter an order of forfeiture of assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property subject to forfeiture.

  f. Collection of Debts: If the Court imposes a fine or restitution, this Office's Financial Litigation Unit will be responsible for collecting the debt. If the Court establishes a schedule of payments, the Defendant agrees that: (1) the full amount of the fine or restitution is nonetheless due and owing immediately; (2) the schedule of payments is merely a minimum

*United States v. Dywon Deace Clark*
Criminal No. GLR-17-0464

2

schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment; and (3) the United States may fully employ all powers to collect on the total amount of the debt as provided by law. Until the debt is paid, the Defendant agrees to disclose all assets in which the Defendant has any interest or over which the Defendant exercises direct or indirect control. Until the money judgment is satisfied, the Defendant authorizes this Office to obtain a credit report in order to evaluate the Defendant's ability to pay, and to request and review the Defendant's federal and state income tax returns. The Defendant agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax return information) and a financial statement in a form provided by this Office.

### Waiver of Rights

4. The Defendant understands that by entering into this Agreement, the Defendant surrenders certain rights as outlined below:

   a. If the Defendant had pled not guilty and persisted in that plea, the Defendant would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

   b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

   c. If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the Government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in defense, however, the Defendant would have the subpoena power of the Court to compel the witnesses to attend.

   d. The Defendant would have the right to testify in the Defendant's own defense if the Defendant so chose, and the Defendant would have the right to refuse to testify. If the Defendant chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from the Defendant's decision not to testify.

   e. If the Defendant were found guilty after a trial, the Defendant would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

*United States v. Dywon Deace Clark*
Criminal No. GLR-17-0464

3

f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that the Defendant may have to answer the Court's questions both about the rights being given up and about the facts of the case. Any statements that the Defendant makes during such a hearing would not be admissible against the Defendant during a trial except in a criminal proceeding for perjury or false statement.

g. If the Court accepts the Defendant's plea of guilty, the Defendant will be giving up the right to file and have the Court rule on pre-trial motions, and there will be no further trial or proceeding of any kind in the above-referenced criminal case, and the Court will find the Defendant guilty.

## Advisory Sentencing Guidelines Apply

5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551-3742 (excepting 18 U.S.C. § 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

6. This Office and the Defendant stipulate and agree to the Statement of Facts set forth in Attachment A, which is incorporated by reference herein.

7. This Office and the Defendant further agree to the following applicable sentencing guideline factors:

a. Pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2K2.1(a)(2), the base offense level for Count Two is a level **24**.

b. There is a 4-level increase in the Defendant's offense level, because the Kel-Tec PF-9 9mm pistol has an obliterated serial number. See U.S.S.G. § 2K2.1(b)(4).

c. There is a 2-level increase in the Defendant's offense level, because the Glock 26 9mm caliber pistol with serial number FSD450 was stolen. See U.S.S.G. § 2K2.1(b)(4).

**Thus, the Defendant's adjusted combined offense level is a level 30.**

d. This Office does not oppose a 2-level reduction in the Defendant's adjusted offense level pursuant to U.S.S.G. § 3E1.1(a), based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional

1-level decrease in recognition of the Defendant's timely notification of the Defendant's intention to enter a plea of guilty. This Office may oppose any adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and may decline to make a motion pursuant to U.S.S.G. § 3E1.1(b), if the Defendant: (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about the Defendant's involvement in the offense; (iv) is untruthful with the Court, this Office, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this Agreement and the date of sentencing; (vii) attempts to withdraw the plea of guilty; or (viii) violates this Agreement in any way.

**Accordingly, the final offense level is a level 27.**

8. There is no agreement as to the Defendant's criminal history and the Defendant understands that the Defendant's criminal history could alter the Defendant's offense level. Specifically, the Defendant understands that the Defendant's criminal history could alter the final offense level if the Defendant is determined to be a career offender or if the instant offense was a part of a pattern of criminal conduct from which the Defendant derived a substantial portion of the Defendant's income. The Defendant agrees the Defendant will not raise any argument that any specific prior conviction is not a predicate for a career offender designation under U.S.S.G. § 4B1.1.

9. Other than as set forth above, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines are in dispute or will be raised in calculating the advisory guidelines range.

## Rule 11(c)(1)(C) Plea

10. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties stipulate and agree that a sentence of **90 months of imprisonment** in the custody of the Bureau of Prisons is the appropriate disposition of this case taking into consideration the nature and circumstances of the offense, the Defendant's criminal history, and all of the other factors set forth in 18 U.S.C. § 3553(a). The Agreement does not affect the Court's discretion to impose any lawful term of supervised release or fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects the Agreement, except under the circumstances noted below, either party may elect to declare the Agreement null and void. Should the Defendant so elect, the Defendant will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5). The parties agree that, if the Court finds that the Defendant engaged in obstructive or unlawful behavior after signing the plea agreement and/or failed to acknowledge personal responsibility as set forth herein, neither the Court nor the Government will be bound by the specific sentence contained in the Agreement, and the Defendant will not be able to withdraw his plea.

## Obligations of the Parties

11. At the time of sentencing, the parties will request that the Court sentence the Defendant to a **90-month term of imprisonment**. After the Court imposes a sentence, this Office will move to dismiss the open counts of the Indictment pending against the Defendant.

12. At the time of sentencing, this Office and the Defendant reserve the right to advocate for a reasonable period of supervised release and/or fine considering any appropriate factors under 18 U.S.C. § 3553(a). This Office and the Defendant also reserve the right to bring to the Court's attention all information with respect to the Defendant's background, character, and conduct that this Office or the Defendant deem relevant to sentencing, including the conduct that is the subject of any counts of the Indictment.

## Public Benefits in Drug Cases

13. The Defendant understands and acknowledges that under 21 U.S.C. §§ 862 and 862a, a person who has been convicted of a federal offense involving the distribution or possession of controlled substances may be denied certain federal and state benefits such as loans, grants, or food stamps.

## Waiver of Appeal

14. In exchange for the concessions made by this Office and the Defendant in the Agreement, this Office and the Defendant waive their rights to appeal as follows:

   a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statutes to which the Defendant is pleading guilty are unconstitutional, to the extent such a challenge can be legally waived, or on the ground that the admitted conduct does not fall within the scope of the statutes to the extent that such challenge can be legally waived.

   b. If the Court accepts the plea agreement and imposes a **90-month term of imprisonment**, the Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal the imposed sentence (including any term of imprisonment, fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any fine, order of forfeiture, order of restitution, and term or condition of supervised release), except the Defendant reserves the right to appeal any sentence imposed of more than 90 months of imprisonment and the Government

reserves the right to appeal any sentence imposed of less than 90 months of imprisonment.

c. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Forfeiture

15. The Defendant agrees to forfeit to the United States all of the Defendant's right, title, and interest in the following property that constitute personal property involved in the offense to which the Defendant has agreed to plead guilty:

a. Kel-Tec PF-9 9mm pistol has an obliterated serial number; and

b. Glock 26 9mm caliber pistol with serial number FSD450.

16. The Defendant agrees to consent to the entry of orders of forfeiture for the property described herein and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding forfeiture during the change of plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

17. The Defendant agrees to assist fully in the forfeiture of the above property. The Defendant agrees to disclose all assets and sources of income, to consent to all requests for access to information related to assets and income, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including executing all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are made available for forfeiture.

18. The Defendant waives all challenges to any forfeiture carried out in accordance with this Agreement on any grounds, including any and all constitutional, legal, equitable, statutory, or administrative grounds brought by any means, including through direct appeal, habeas corpus petition, or civil complaint. The Defendant will not challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement, and will not assist any third party with any challenge or review or any petition for remission of forfeiture.

## Defendant's Conduct Prior to Sentencing and Breach

19. Between now and the date of the sentencing, the Defendant will not engage in conduct that constitutes obstruction of justice under U.S.S.G. § 3C1.1; will not violate any federal, state, or local law; will acknowledge guilt to the probation officer and the Court; will be truthful in any statement to the Court, this Office, law enforcement agents, and probation officers; will

cooperate in the preparation of the presentence report; and will not move to withdraw from the plea of guilty or from this Agreement.

20. If the Defendant engages in conduct prior to sentencing that violates the above paragraph of this Agreement, and the Court finds a violation by a preponderance of the evidence, then: (i) this Office will be free from its obligations under this Agreement; (ii) this Office may make sentencing arguments and recommendations different from those set out in this Agreement, even if the Agreement was reached pursuant to Federal Rule of Criminal 11(c)(1)(C); and (iii) in any criminal or civil proceeding, this Office will be free to use against the Defendant all statements made by the Defendant and any of the information or materials provided by the Defendant, including statements, information, and materials provided pursuant to this Agreement, and statements made during proceedings before the Court pursuant to Federal Rule of Criminal Procedure Rule 11. A determination that this Office is released from its obligations under this Agreement will not permit the Defendant to withdraw the guilty plea. The Defendant acknowledges that the Defendant may not withdraw the Defendant's guilty plea—even if made pursuant to Rule 11(c)(1)(C)—if the Court finds that the Defendant breached the Agreement. In that event, neither the Court nor the Government will be bound by the specific sentence or sentencing range agreed and stipulated to herein pursuant to Rule 11(c)(1)(C).

## Court Not a Party

21. The Court is not a party to this Agreement. The Court is under no obligation to accept this plea offer made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Neither the prosecutor, defense counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

## Entire Agreement

22. This letter, together with the Sealed Supplement, constitutes the complete plea agreement in this case. This letter, together with the Sealed Supplement, supersedes any prior understandings, promises, or conditions between this Office and the Defendant. There are no other agreements, promises, undertakings, or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement. No changes to this Agreement will be effective unless in writing, signed by all parties and approved by the Court.

If the Defendant fully accepts each and every term and condition of this Agreement, please sign and have the Defendant sign the original and return it to us promptly.

Very truly yours,

Robert K. Hur
United States Attorney

Samika N. Boyd
Lauren E. Perry
Assistant United States Attorneys

I have read this Agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorneys. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorneys, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorneys.

10/15/18
Date

Dywon Deace Clark
Defendant

We are the Defendant's counsel. We have carefully reviewed every part of this Agreement, including the Sealed Supplement, with the Defendant. The Defendant advises us that the Defendant understands and accepts its terms. To my knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary one.

10/15/18
Date

Laura G. Abelson
Assistant Federal Public Defender
Defendant's Counsel

Sedira Banan
Assistant Federal Public Defender
Defendant's Counsel

## Attachment A: Statement of Facts

*The undersigned parties stipulate and agree that, if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

Dywon Deace Clark ("Defendant") was previously convicted of at least one crime punishable by imprisonment for a term exceeding one year. As a result, the Defendant lost his civil right to possess a firearm. That civil right has not been restored.

On May 16, 2017, the Defendant was selling marihuana to unknown individuals near the convenience store located at 2147 W. Lexington Street, Baltimore, MD 21223. The Defendant also entered and exited a white Acura parked across the street from the convenience store several times between his interactions with unknown individuals.

BPD officers conducted an investigatory stop of the vehicle of an individual suspected of engaging in a recent drug transaction with the Defendant. The individual whose vehicle was stopped by the BPD officers possessed marihuana. BPD officers then arrested the Defendant for selling marihuana. During a search of the Defendant's person incident to arrest, the BPD officers found and seized cash, keys to the white Acura, and two plastic jugs containing marihuana.

The BPD officers used the car keys found on the Defendant's person to unlock the white Acura and searched it. During that search, the BPD officers found and seized, *inter alia*, a stolen loaded Glock 26 9MM pistol underneath the front passenger seat; a loaded Keltech PF9 9MM pistol with an obliterated serial number on the driver side area where the center console meets the rug; and less than 50 grams of marihuana for purposes of distribution in the center console.

The firearms and ammunition were manufactured outside of Maryland, and the recovered pistols are firearms within the definition under 18 U.S.C. § 921(a)(3).

SO STIPULATED: 10/15/18

*[signature]*
Samika N. Boyd
Lauren E. Perry
Assistant United States Attorneys

*[signature]*
Dywon Deace Clark
Defendant

*[signature]*
Laura G. Abelson
Defendant's Counsel

*United States v. Dywon Deace Clark*
Criminal No. GLR-17-0464

Sedira Banan
Defendant's Counsel